PER CURIAM.
Petitioner seeks review of an order of the circuit court, acting in its appellate capacity, which affirmed his convictions for selling alcoholic beverages without a license. After reviewing the record and applicable law, we do not conclude that the circuit court departed from the essential requirements of law.
Of the several points petitioner raises, only one requires discussion. Petitioner contends that since section 561.29(6), Florida Statutes (1981), grants an automatic 15-day stay of a license revocation, he could not be found guilty of selling alcoholic beverages without a license during the time in which that stay was in effect. All of the acts of which petitioner was convicted occurred within 15 days of the revocation of his corporation’s license to sell alcoholic beverages.
Although the 1981 version and the current codification of section 561.29(6) provide for an automatic stay in such license revocation and suspension proceedings, we conclude that section has been superseded by section 120.68(3), Florida Statutes *9 (1981), which provides that a stay in a license revocation or suspension appeal is not automatic and is to be granted upon application to the district court of appeal unless the district court “determines that a supersedeas would constitute a probable danger to the health, safety, or welfare of the state.” § 120.68(3), Fla.Stat. (1981). Petitioner does not contend that he has ever appealed the revocation of his corporation’s license or applied for a stay.
Section 120.72(l)(a), Florida Statutes (1981), provides that chapter 120 shall supersede all other provisions in the Florida Statutes relating to, among other things, licensing procedure and judicial review, unless expressly provided otherwise by subsequent law. Additionally, while section 561.-29(6) was not expressly repealed or amended by chapter 78-95 which was designed to place affected provisions of the Florida Statutes in conformity with chapter 120, section 120.722(4), Florida Statutes (1981), provides that the lack of such repeal or amendment does not imply that that section is not superseded by section 120.68(3).
Accordingly, the petition for writ of cer-tiorari is denied.
RYDER, A.C.J., and DANAHY and LEHAN, JJ., concur.